IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION _____/ This Order Relates To: Jane Roe CL 6 v. Uber, Inc., Case No. 3:23-cv-05647-CRB | MDL No. 3084 **ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER; GRANTING MOTION TO SEAL COURT RECORDS** Re: Dkt. Nos. 29, 30, 31 |

Plaintiff Jane Roe CL 6 filed suit against Uber Technologies, Inc. and its affiliated entities in this Court on November 1, 2023, alleging that Uber failed to take reasonable steps to prevent Plaintiff from being sexually assaulted by an Uber driver during a November 24, 2021 ride. See Compl. (dkt. 1). Plaintiff's case was consolidated into the multidistrict litigation In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation, Case No. 3:23-md-03084, on November 17, 2023. On December 18, 2024, Uber filed a third-party complaint against former driver W.M.,[1] alleging that he was the perpetrator of the assault and is therefore obligated to indemnify and defend Uber against Plaintiff's claims. See Third-Party Compl. (dkt. 15). W.M., appearing now pro se, brings this motion to dismiss Uber's third-party complaint. See Mot. to Dismiss (dkt. 31). In the alternative, W.M. moves for a protective order and a motion to seal court records. See

---

[1] The third-party defendant is identified by his initials ("W.M.") throughout this order for the reasons discussed in Section II.B.

Mot. for P.O. (dkt. 29); Mot. to Seal (dkt. 30).

Finding this matter suitable for resolution without oral argument pursuant to Local Civil Rule 7-1(b), the Court **DENIES** W.M.'s motion to dismiss; **GRANTS IN PART AND DENIES IN PART** W.M.'s motion for protective order; and **GRANTS** W.M.'s motion to seal court records.

## I.    MOTION TO DISMISS

### A.    LEGAL STANDARD

#### 1.    Timeliness of Motion

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Motions brought pursuant to Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Uber argues that W.M.'s Rule 12(b)(6) motion should be denied as improper because it was filed after W.M.'s answer to the Third-Party Complaint. Opp'n Mot. to Dismiss (dkt. 34) at 4. The Answer (dkt. 28) does technically appear on the docket before the Motion to Dismiss (dkt. 31), although both documents were filed on March 13, 2025. It is debatable whether such a minor discrepancy should bar W.M.'s motion, particularly given the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).

But the Court need not reach a conclusion on that issue. District courts may construe an improperly timed Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgement on the pleadings. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980); Jaeger v. Howmedica Osteonics Corp., 2016 WL 520985, at *5 (N.D. Cal. Feb. 10, 2016) ("[W]hen a party files an untimely motion to dismiss under Rule 12(b)(6), the Court may convert it into a motion for judgment on the pleadings under Rule 12(c) where doing so will not delay trial.").[2] "Rule 12(h) provides that the defense that the complaint fails to

---

[2] The justification for converting the motion to dismiss into a motion for judgement on the pleadings in this case "'is further strengthened [by W.M.] includ[ing] the defense of failure to

2

state a claim upon which relief can be granted can be raised as motion for judgment on the pleadings, [Rule] 12(c), and such a motion is only precluded if the pleadings by any party are not yet closed." Long v. Shah, 2005 WL 994553, at *1 (N.D. Cal. Apr. 28, 2005) (construing defendant's 12(b)(6) motion filed after defendant's answer as a 12(c) motion). Accordingly, the Court will treat the Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgement on the pleadings and therefore reaches the merits of Third-Party Defendant's motion.

### 2. Rule 12(c)

"Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Mag. Inc., 867 F.2d 1188, 1192 (9th Cir. 1989); see also Ulloa v. Securitas Sec. Servs. USA, Inc., WL 5538276, at *2 (N.D. Cal. Aug. 28, 2023) ("Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." (citation omitted)). Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007).

When evaluating a motion to dismiss, the Court "must presume all factual allegations . . . to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). That said, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). "Courts must consider the [pleading] in its entirety, as well as . . . documents incorporated . . . by reference." Tellabs, Inc. v. Makor Issues & Rights,

---

a claim'" in their answer "because the converted motion is 'not based on new arguments for which [Uber] could claim to have been unprepared.'" Ulloa, WL 5538276, at *1 (quoting Aldabe, 616 F.2d at 1093); see Answer at 1-2 (including failure to state a claim as an affirmative defense).

United States District Court
Northern District of California

Ltd., 551 U.S. 308, 322 (2007).

## B. DISCUSSION

### 1. Factual Challenges

While Rule 12(c) may save W. M.'s motion to dismiss procedurally, the motion still ultimately fails on the merits. W.M. raises several **factual** challenges in support of dismissal. For example, he asserts that Uber's claims "are unreliable and speculative" because the Third-Party Complaint lists two different dates for the alleged assault.[3] Mot. to Dismiss at 3. W.M. also argues that Uber's continued employment of him as a driver for years after the alleged assault contradicts the severity of the allegations. See id. Similarly, W.M. asserts that Plaintiff took a second ride with W.M. after the alleged assault occurred, suggesting a "lack [of] credibility and . . . malicious intent" underlying Plaintiff's allegations. Id. at 4.

But whether W.M.'s interpretation of these factual allegations is correct is irrelevant at this stage of the litigation. As Uber correctly points out, disputes regarding the truth of factual allegations in a complaint are not appropriate for resolution under Rule 12(b) or 12(c). See Opp'n Mot. to Dismiss at 4-5. "Judgment on the pleadings is [only] proper when there is **no issue of material fact in dispute**." Strojnik v. Portola Hotel, LLC, 2021 WL 1022880, at *1 (N.D. Cal. Mar. 17, 2021); see also Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (holding that "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under" a motion to dismiss), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); Darensburg v. Metro. Transp. Comm'n, 2006 WL 167657, at *4 (N.D. Cal. Jan. 20, 2006) ("In analyzing a motion to dismiss, review is limited to the complaint and all factual allegations are taken as true and construed in the light most favorable to the plaintiff."). Therefore, "while discovery may very well confirm" W.M.'s portrayal of the allegations made by Uber and Plaintiff, "a weighing of the parties' facts and a final determination of

---

[3] As Uber explained in its Opposition, this discrepancy stems from the different dates given in Plaintiff's Complaint and Short-Form Complaint. See dkt. 34 at 5.

4

their merit is properly postponed until a motion for summary judgment." Johnson v. Napa Valley Wine Train, Inc., 2016 WL 493229, at *7 (N.D. Cal. Feb. 9, 2016).

Assuming all factual allegations in the Third-Party Complaint as true, the Court finds that Uber has effectively stated a cognizable legal theory for W.M.'s liability under the parties' Indemnity Agreement should Plaintiff ultimately prevail in her claims against Uber. See Third-Party Compl. ¶¶ 11-29. For purposes of a motion for judgement on the pleadings, that is sufficient to prevent dismissal. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996) ("A complaint should not be dismissed unless a plaintiff can prove **no set of facts** in support of his claim which would entitle him to relief." (emphasis added)).

### 2. Enforceability of Indemnification Agreement

Having discarded the motion's inappropriate factual contentions, the Court is left to consider W.M.'s lone **legal** ground for dismissal: that the Indemnity Agreement between Uber and W.M. is unenforceable. See Mot. to Dismiss at 3-4. W.M. first contends that the Indemnity Agreement cannot cover Uber's own negligence. Id. at 3. But that is wrong as a matter of Illinois law.[4] As Uber correctly notes, see Opp'n Mot. to Dismiss at 5, "Illinois law generally provides that contracts of indemnity against one's own negligence are valid and enforceable" so long as "the indemnitor's obligations are set forth in clear and explicit language," Nicor Gas Co. v. Vill. of Wilmette, 379 Ill. App. 3d 925, 929 (2008); see also Buenz v. Frontline Transp. Co., 227 Ill. 2d 302, 319 (2008) ("[W]hen an agreement clearly and explicitly provides indemnification for an indemnitee's own negligence, it should be construed accordingly."). The Indemnity Agreement states that W.M. "will indemnify [Uber] . . . from and against **all** claims . . . asserted by a third party and arising out of or related to . . . [their] provision of Rides, [their] access to [Uber's] Platform or [their]

---

[4] W.M. does not dispute that the Platform Access Agreement and the Indemnity Agreement between himself and Uber "provide that the law that governs the agreements is the law of the state where Third-Party Defendant resided when he entered into the agreements," nor that he was an Illinois resident at the time of the he entered into the agreement with Uber. Opp'n Mot. to Dismiss at 5 n.2. "Under Illinois law, choice-of-law provisions are generally enforceable." Bryant v. BNSF Ry. Co., 2015 WL 1058171, at *3 (N.D. Ill. Mar. 5, 2015).

interaction with any third party." Third-Party Compl. Ex. C ¶ 1.1 (emphasis added). Illinois courts have found similar contractual language to be sufficiently "clear and explicit" so as to indemnify against a party's own negligence. See Nicor Gas, 379 Ill. App. 3d at 931 (holding that "*any and all* judgments, damages, decrees, costs and expenses" language indemnified defendant against own negligence (emphasis added)); Buenz, 227 Ill. 2d at 317 (holding that "*any and all* claims, demands, actions, suits, proceedings, costs, expenses, damages, and liability" indemnified defendant against own negligence (emphasis added)).

W.M. also argues that "[t]he indemnification clause does not apply to intentional torts or false allegations." Mot. to Dismiss at 3. But Plaintiff has not alleged that Uber committed any intentional torts in her Complaint.[5] And the Short-Form Complaint expressly excludes allegations related to the Fraud and Misrepresentation claim asserted in the MDL Plaintiffs' Master Long-Form Complaint—the lone intentional tort claim included in that pleading. See Short-Form Compl. (dkt. 14) at 4. Therefore, the Court need not reach a conclusion on whether the Indemnity Agreement is enforceable against intentional torts committed by Uber.

In the alternative, W.M. claims that Uber effectively "waived its right to indemnification" by its delay in (1) notifying W.M. of Plaintiff's allegations and (2) removing W.M. as a driver following the alleged incident. Mot. to Dismiss at 3-4. The parties do not dispute that waiver is an affirmative defense. See Answer at 2; Opp'n Mot. to Dismiss at 7. "Ordinarily, affirmative defenses . . . may not be raised on a motion to dismiss except when the defense raises no disputed issues of fact." Lusnak v. Bank of Am., N.A., 883 F.3d 1185, 1194 n.6 (9th Cir. 2018); accord Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Here, W.M.'s waiver argument clearly requires the "resolution of . . . factual disputes"—such as the exact timing of the alleged incident, the dismissal of

---

[5] The Complaint contains the following causes of action, none of which constitute an intentional tort: General Negligence; Common-Carrier Negligence; Negligent Hiring, Retention, and Supervision; Negligent Failure to Warn; Vicarious Liability for the Torts of Uber Drivers; and Strict Products Liability – Failure to Warn. See Compl. at 1.

W.M. as a driver, and W.M.'s notice of Plaintiff's allegations—before it can be properly evaluated on the merits. Lusnak, 883 F.3d at 1194 n.6. Uber is also correct that it has adequately asserted its right to contribution or indemnity on the face of the Third-Party Complaint. See Third Party Compl. ¶¶ 17–22 (indemnification); id. ¶¶ 31–35 (contribution). As a result, waiver by Uber is not a proper ground for dismissal at this stage. See Durnford v. MusclePharm Corp., 907 F.3d 595, 603 n.8 (9th Cir. 2018) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed." (citation omitted)).

## II.   MOTION FOR PROTECTIVE ORDER

### A.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" for good cause. Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). A party seeking a protective order must include in their motion "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 26(c)(1).

### B.   DISCUSSION

"Uber does not oppose Third-Party Defendant's request for use of his initials in future court filings." Opp'n Mot. for P.O. (dkt. 35) at 5. Therefore, the third-party defendant's motion for a protective order is granted to the extent he has requested to proceed pseudonymously in this matter. The parties are ordered to identify the third-party defendant by his initials ("W.M.") in all future court filings.

Insofar as W.M.'s motion requests additional relief, such as prohibiting public disclosure of his "personal information . . . or any identifying details in court filings or public statements," it is denied without prejudice. Mot. for P.O. at 2. W.M. has failed to

7

file a certification of conferral as required by Rule 26(c)(1), "a prerequisite to judicial intervention." Silva v. Campbell, 378 F. Supp. 3d 928, 930 (E.D. Wash. 2018). While the Court generally takes a forgiving approach towards procedural requirements for pro se litigants, in this case conferral between the parties is likely to alleviate the concerns raised by Uber regarding the "vague" scope of W.M.'s motion. Opp'n Mot. for P.O. at 4. Should W.M. seek another protective order regarding their "personal information" in the future, they are ordered to meet and confer with the other parties to this litigation regarding the dispute before petitioning the Court.

### III.  MOTION TO SEAL COURT RECORDS

Because the parties have agreed that Third-Party Defendant may proceed under his initials, W.M.'s motion to "seal all court filings containing his name" is granted. Mot. to Seal at 1. The parties are instructed to coordinate regarding filing new, redacted versions of the Third-Party Complaint and all other documents that have identified W.M. by name.

### IV.  CONCLUSION

For the forgoing reasons, the Court orders as follows:

Third-Party Defendant's motion to dismiss Uber's third-party complaint is DENIED.

Third-Party Defendant's motion for protective order is GRANTED to the extent they request to proceed pseudonymously using their initials; Third-Party Defendant's motion for protective order is otherwise DENIED without prejudice.

Third-Party Defendant's motion seal court records is GRANTED.

**IT IS SO ORDERED.**

Dated: May 30, 2025

CHARLES R. BREYER
United States District Judge